UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS DINIZO,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWNSHIP OF SCOTCH PLAINS AND THOMAS E. ATKINS,<br><br>Defendants. | Civil Action No.: 07-05327 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Plaintiff's Motion for Revised Attorney's Fees and Costs. On May 27, 2010, I previously denied the application; but permitted refiling. Mr. Adler of Cole Schotz has resubmitted an application for legal fees in the amount of $315,344.75 (lodestar amount). Of the lodestar, a portion ($44,221.75) relates to post-trial motions and the legal fee application. In addition to the legal fee, Cole Schotz seeks $19,080.00 in costs. In Mr. Adler's affidavit, he recognizes that the Court may conclude that his fee request is exorbitant and the Court may "reduce the lodestar for limited success." With that acknowledgment, Mr. Adler qualifies his request by indicating that any "reduction should be minimal," but "clearly should not exceed approximately forty to fifty percent." On the other hand, Mr. Harrison on behalf of Scotch Plains calculates that Cole Schotz should be awarded 6.25% of his revised lodestar amount equaling a legal fee of $8,954.27.

The Court reviewed the case law. The applicable case law concludes that a court may adjust the fee downward where a plaintiff achieves only partial or limited success. *Spencer v. Wal-Mart Stores, Inc.*, 469 F.2d 311, 318 (3d Cir. 2006). A court should not diminish counsel fees based

purely on a ratio between fees and damages award. *Id.* (citing *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041 (3d Cir. 1996)); *see also McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 151 (3d. Cr. 2009) (holding that a court should review the substance of the claims prevailed upon and consider the circumstances of the case, as opposed to a purely mathematical formula to reduce fees). Here, the Court closely examined Plaintiff's fee application. On May 27, 2010, the Court explained to counsel that much of the fees requested specifically referenced the claims that plaintiff did not prevail upon, and that many of the entries were too vague to be accepted. Plaintiff only prevailed on one of four claims at trial, and his motion for attorney fees is not sufficiently detailed to determine which portions of the lodestar correspond to which claims. In *McDonnell v. United States of Am.*, 870 F. Supp. 576. 587-89 (D.N.J. 1994), the Court reduced plaintiff's fees by sixty percent based upon the submitted applications, an exhaustive review of plaintiff's relative success, as well as the trial court's lengthy experience with the case. *Id.* at 589. This "general reduction method" is the appropriate analysis where a plaintiff achieves only partial success. *Id.* at 588.

As such, the fee requested by Cole Schotz in the amount of $315,344.75 is unreasonable. Similarly, the request by Mr. Levine to reduce the lodestar amount and then to reduce that revised amount by 93.75 percent is similarly unreasonable. In light of same, the Court will craft a reasonable legal fee considering all circumstances.

I find:

\*       The count under the Law Against Discrimination was reasonably filed, and there were substantial facts supporting that claim. Cole Schotz tried a very good case on that claim. There was evidence accepted by the jury that Mr. DiNizo was retaliated against by a Scotch Plains official for publishing a letter critical of the municipality.

\*      The Plaintiff's issue at trial was that he proved little damages; hence, the verdict amount ($1,500.00) was most likely determined in light of same. The verdict amount was not "nominal" as defendant argues, but reflected insubstantial actual damages.

\*      As such, the legal fee on that count should be a reasonable amount. Since the other counts were no-caused, the overall fee should be reduced by fifty-five (55) percent due to plaintiff's lack of success. After an exhaustive review of Plaintiff's invoices and motion papers, as well as Mr. Adler's recognition that a 40-50% reduction may be appropriate, the general reduction is appropriate. On May 27, 2009, the Court explained the deficiencies in the initial application and the difficult task of determining which specific hours related to the single claim that Plaintiff prevailed upon. Despite same, Plaintiff's revised application did little to clarify the issues.

\*      Cole Schotz requests that $44,221.75 not be reduced because this amount deals with post-trial motions including the legal fee (application). Since the legal fee application has been determined to be unreasonable in two instances, there is no legitimate reason why it should not be subject to a general reduction. Hence, the amount of $44,221.75 is to be reduced.

\*      Plaintiff submits two affidavits as to the reasonableness of the hourly rates charged. Although the rates appear to be very high, there is no other evidence submitted. As such, I reluctantly accept the hourly rate charged.

\*      Due to the limited success of Plaintiff, the fee is reduced by 55% (per *Spencer* and *McDonnell* cited above) or $315,344.75 x .45 = $141,905.13.

\*      The costs of $19,465.50 are allowed.

\*       Defendant argues that legal fees should be denied since Mr. Dinizo did not enter into a legal services agreement with Cole Schotz. The Defendants should address that concern to the New Jersey judiciary.

## ORDER

IT IS on this 19th day of July, 2010;

ORDERED that Defendant Scotch Plains shall pay the amount of $141,905.13 plus $19,465.50 equaling $161,370.63.

_____
PETER G. SHERIDAN, U.S.D.J.